**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**
Caption in compliance with D.N.J. LBR 9004-2(c)

Grace M. Deon, Esquire
Eastburn & Gray, P.C.
60 East Court Street
Doylestown, PA 18901
215-345-7000
Attorneys for Debtor

In Re:

FRENCHTOWN DRUG STORE, INC.

Debtor(s)

Case No.: 15-23943

Hearing Date: October 13, 2015

Judge Kathryn Ferguson

## MOTION FOR THE ENTRY OF AN ORDER PURSUANT TO SECTION 364 OF THE BANKRUPTCY CODE (A) AUTHORIZING THE DEBTOR TO OBTAIN DEBTOR-IN-POSSESSION FINANCING (B) GRANTING SECURITY INTERESTS AND PRIORITY CLAIMS (C) APPROVING AGREEMENT RELATED TO THE FOREGOING (D) GRANTING RELATED RELIEF

Frenchtown Drug Store, Inc. (the "Debtor"), debtor and debtor-in-possession in the above captioned Chapter 11 case, files this motion for the entry of an order pursuant to section 105 and 364 of the United States Code, 11 U.S.C. §§101, et seq. (the "Bankruptcy Code") and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (a) authorizing the Debtor to obtain debtor-in-possession financing; (b) granting security interests and priority claims; (c) approving the agreement related to the foregoing; and (d) granting related relief in support of this Motion, the Debtor respectfully states as follows:

{Y0501297; 1}

## PRELIMINARY STATEMENT

1. In order to provide the Debtor with funding to reopen its facility and reinitiate it operations, Albert and Karen Giarretta (the "Lender") have agreed to provide the Debtor with debtor-in-possession financing pursuant the attached term sheet (the "Agreement"). See Exhibit A. The Debtor respectfully requests that the Court authorize it to obtain post-petition financing from the Lender pursuant to the terms of the Agreement.

## JURISDICTION AND VENUE

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. On July 24, 2015, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor is currently operating a retail pharmacy and is managing its business affairs as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The Debtor is a New Jersey corporation with its principal place of business at located at 20 Race Street, Frenchtown, New Jersey. The Debtor operates a small independent retail pharmacy selling to the public prescription drugs, over the counter medications, greeting cards and sundries together with other items typically sold in a retail pharmacy.

5. As a result of the bankruptcy filing the Debtor has been placed on "COD" status by many of its suppliers. The COD payment status impacts the Debtor's cash flow as the inventory must be paid for to the supplier prior to the realization of income from the sale of the inventory.

6.  As a result, the Debtor post-petition has a need for a line of credit to support the purchase of inventory and for other operational needs.

## RELIEF REQUESTED

7.  By this motion, the Debtor respectfully requests the entry of an order pursuant to sections 105 and 364 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001 and 9014: (a) granting authority for the Debtor to obtain secured debtor-in-possession financing; (b) granting security interests and priority claims; (c) approving the Agreement, and (d) granting other relief.

## THE NEED FOR FINANCING

8.  The Debtor believes, in its business judgment that approval of the financing will provide sufficient funding to allow it to obtain necessary inventory and to pay the regular ordinary and regular expenses of its operation.

9.  Accordingly, the Debtor seeks authority to enter into the Agreement with the Lender to ensure that there is sufficient inventory to properly operate the store.

## SUMMARY OF THE SECURED CREDIT FACILITY

10. As set forth in detail in the Agreement, the loan from the Lender contains the following pertinent terms.[1]

**BORROWER:**   Frenchtown Drug Store, Inc.

**LOAN COMMITMENT:**   The Lender has agreed to provide up to $50,000.00 revolving line of credit.

**INTEREST:** Interest would accrue at a per annum rate of four (4) percent.

**SECURITY:** To secure all DIP Obligations of the Debtor the Lender will receive, pursuant to Section 364(c) of the Bankruptcy Code, the DIP Facility Documents and Bankruptcy Court

---

[1] This motion contains only a summary of the terms of the Agreement. Parties in interest are encouraged to review the Agreement in detail. To the extent of any differences between the summary and the Agreement, the Agreement controls.

{Y0501297; 1}

Orders acceptable to Lender, a fully perfected first-priority security interest in all existing and after acquired real and personal, tangible and intangible, assets of the Debtor, including all cash, cash equivalents, bank accounts, accounts, other receivables, chattel paper, contract rights, inventory, instruments, documents, securities (whether or not marketable), equipment, fixtures, franchise rights, patents, trade names, trademarks, copyrights, intellectual property, general intangibles, investment property, supporting obligations, letter of credit rights, commercial tort claims, causes of action and all substitutions, accessions and proceeds of the foregoing, wherever located, including insurance or other proceeds (collectively, the "Collateral").

The DIP Obligation will also have superiority over any and all other administrative expenses pursuant to Section 364(c)(1) of the U.S. Bankruptcy Code, subject to the Carve-Out as defined below.

**CARVE-OUT:** The term "Carve-Out" shall mean, collectively, (i) all fees required to be paid to the Clerk of the Bankruptcy Court and to the Office of the United States Trustee pursuant to 28 U.S.C. §1930(a), (ii) all Professional Fees of the professionals retained by the Debtor and any subsequently appointed Committee that are allowed or become allowed at any time, whether by interim order, procedural order or otherwise provided, however, that nothing herein shall be construed to impair the ability of any party to object to the Professional Fees, reimbursement or compensation referred to in this clause.

## BASIS FOR RELIEF

11. Section 364 of the Bankruptcy Code provides, in pertinent part, as follows:

    (a) unless the court orders otherwise, the trustee[2] may obtain unsecured credit and incur unsecured debt in the ordinary course of business allowable under section 503(b)(1) of this title as an administrative expense;

    (b) The court, after notice and a hearing, may authorize the trustee to obtain unsecured credit or to incur unsecured debt other than under subsection (a) of this section, allowable under section 503 (b)(1) of this title as an administrative expense; and

    (c) If the trustee is unable to obtain unsecured credit allowable under section 503(b)(1) of this title as an administrative expense, the court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt:

        (1) with priority over any or all administrative expenses of the kind specified in section 503(b) or 507(b) of this title;

---

[2] Under section 1107(a) of the Bankruptcy Code, a debtor-in-possession has substantially all the rights and powers of a trustee in a chapter 11 case.

{Y0501297; 1}

(2) secured by a lien on property of the estate that is not otherwise subject to a lien; or

(3) secured by a junior lien on property of the estate that is subject to a lien.

See 11 U.S.C. § 364(a) through (c)(3).

12. Section 364 of the Bankruptcy Code provides bankruptcy courts with the power to authorize post-petition financing for a Chapter 11 debtor-in-possession. See *In the Matter of Vineyard Bay Develop. Co., Inc.*, 132 F.3d 269, 272 (5th Cir. 1998); see also *In re Pro Set, Inc.*, 193. B.R. 812, 814 (Bankr. N.D. Tex. 1996) (court's prior order authorized debtor to incur post-petition indebtedness under section 364); see also *In re Defender Drug Stores, Inc.*, 126 B.R. 76, 81 (Bankr. D. Ariz. 1991). "Having recognized the natural reluctance of lenders to extend credit to a company in bankruptcy, Congress designed [section] 364 to provide 'incentives to the creditor to extend post-petition credit.'" See *Defender Drug Store*, 126 B.R. at 81. The incentives enumerated in section 364 are not intended to be an exhaustive list of the inducements that a court may grant. Id. In fact, it is not uncommon for a court to approve a lending arrangement containing terms that far exceed those authorized by section 364. Id.

14. Generally, courts apply a three-part test to determine whether credit obtained may be granted under section 364(c). The three-part test includes demonstrating that (i) the debtor cannot obtain credit unencumbered or without super-priority status; (ii) the credit transaction is necessary to preserve the assets of the estates; and (iii) the terms of the credit agreement are fair, reasonable and adequate given the circumstances of the debtor-borrower and the proposed lender. See *In re Crouse Group, Inc.*, 71 B.R. 544,549 (Bankr. E.D. Pa. 1987), aff'd, 75 B.R. 553 (E.D. Pa. 1987).

13. Against this statutory backdrop, courts will evaluate the facts and circumstances of a debtor's case and accord significant weight to the necessity for obtaining the financing. See

*In re Ames Dep't Stores. Inc.*, 115 B.R. 34, 40 (Bankr. S.D.N.Y. 1990). Debtor-in-possession are generally permitted to exercise their basic business judgment consistent with their fiduciary duties when evaluating the necessity of proposed protections for a party extending credit under section 364 of the Bankruptcy Code. Id. at 38. Further, in satisfying the standards of section 364 of the Bankruptcy Code, a debtor does not need to seek credit from every possible source. Rather, it should make a reasonable effort to seek other sources of credit of the type set forth in sections 364(a) and (b). See *In re Snowshoe Co*, 789 F. 2d 1085, 1088 (4th Cir. 1986) (finding that trustee had demonstrated good faith effort that credit was not available without granting of senior liens: "the statute imposes no duty to seek credit from every possible lender before concluding that such credit is unavailable").

14. In light of the circumstances in which the Debtor needs a small line of credit to purchase inventory, it was not possible for the Debtor to obtain its post- petition working capital financing on an unsecured basis pursuant to section 364(a) or 364(b) of the Bankruptcy Code. The Debtor, upon the advice of counsel, determined that it would not be able to obtain financing at a similar of lower interest rate other than by offering the relevant liens over the Collateral.

15. The circumstances of this case dictate that the Debtor obtains its financing under section 364(c) of the Bankruptcy Code. Authorizing the Debtor to enter into the Agreement with the Lender is necessary and appropriate to continue the Debtor's operations and for the establishment of a Chapter 11 plan.

16. Finally, the Debtor believes that the terms and conditions of the Agreement are fair and reasonable. The Debtor's principals are extending the line of credit to continue the Debtor's operations and to provide low cost financing to the Debtor.

17. The Debtor believes that the proposed Agreement is the best financing available

{Y0501297; 1}

under the circumstances, is on better terms than other lenders were willing to offer, and is well within the exercise of sound business judgment. Based on the foregoing, the Debtor requests that the Court authorize it to enter into the Agreement and to obtain post-petition financing from the Lender pursuant to the terms contained therein.

## CONCLUSION

**WHEREFORE**, the Debtor respectfully requests the entry of a Final Order pursuant to sections 105 and 364 of the bankruptcy Code and Bankruptcy Rules 2002, 4001 and 9014(a) granting authority for the Debtor to obtain secured debtor-in-possession financing; (b) granting security interest and priority claims; (c) approving the Agreement and all other documents related thereto; and (d) granting related relief.

Respectfully submitted,
Eastburn & Gray, P.C.
Attorneys for the Debtor in Possession
Frenchtown Drug Store, Inc.

BY: /s David L. Marshall
David L. Marshall, Esquire
Attorney for Debtor
Attorney I. D. No. 19356
60 East Court Street
P. O. Box 1389
Doylestown, PA  18901-0137
(215)345-7000

{Y0501297; 1}